## People, ex rel. William E. Keen, Appellee, v. Cleveland, Cincinnati, Chicago & St. Louis Railway Company, Appellant.

1. RAILROADS—*obligation to construct farm crossings.* Unless the land upon the two sides of the track is used for agricultural purposes, the railroad company is not required to build a crossing; if, however, such land is so used the duty of such company is performed when it provides a crossing at such place as will best serve the purpose, the interest of all parties being duly considered.

2. MANDAMUS—*what essential to maintenance.* In order to entitle the petitioner to the issuance of the writ, a clear right must be established.

*Mandamus.* Appeal from the Circuit Court of Wabash county; the Hon. ENOCH E. NEWLIN, Judge, presiding. Heard in this court at the August term, 1908. Reversed. Opinion filed March 4, 1909.

CONGER & CONGER and P. J. KOLB, for appellant.

E. B. GREEN and THEO. G. RISLEY, for appellee.

MR. PRESIDING JUSTICE MYERS delivered the opinion of the court.

This is an appeal from the judgment and order of the Circuit Court in a proceeding by *mandamus,* brought by appellee, as relator, to compel appellant to construct a farm-crossing over its track and right of way opposite the end of Second street, in the village of Keensburg, in Wabash county. The case was tried by the court upon issues made by petition and answer, and the trial resulted in a finding in favor of appellee. Whereupon the court entered a judgment and order requiring appellant to construct the crossing prayed for. The defendant appealed.

At the time of filing his petition in this case, appellee was the owner of a certain described tract of land west of and abutting appellant's railroad right of way. On the opposite side of the railroad right of way lies the incorporated village of Keensburg. First and Second streets in Keensburg are in line at right angles with the railroad and terminate with the corporate limits on the west, which, as already stated, is the railroad right of way. The streets are numbered in successive order from the north and the distance between First and Second Street is about four hundred feet. Appellee's farm-buildings are located west of the railroad right of way and south of Second street line, if extended. Prior to the year 1906, appellant's depot at Keensburg was situated on its right of way in front of appellee's dwelling house, and a crossing over the railroad was maintained south of the depot, and about 120 feet south of Second street terminus. In 1906, appellant rebuilt and re-constructed its railroad, adjoining appellee's premises, by excavating the right of way and lowering the tracks from seven to ten feet, leaving a cut nine or ten feet deep at Second street.

The depot was moved north one block to a point opposite the end of First street, where appellant made and provided, in good condition, a crossing for public use and accessible to appellee in going to and from the village. A wooden stairway for the use of foot passengers was put in on each side of the cut at the old crossing. On the south side of appellee's land was a public highway leading to a crossing over appellant's right of way at a point about 1,000 feet from appellee's dwelling-house. The foregoing is a sufficient statement of facts and conditions to determine the merits of contentions upon errors assigned.

This proceeding is based upon the Railway Act, chapter 114, Revised Statutes, wherein among other duties imposed upon railroad companies, it is provided by section 62 (Hurd), that "farm crossings shall be constructed * * * when and where the same may become necessary for the use of the proprietors of the lands adjoining such railroad" etc. The first, and a vital question to be determined is, whether or not the crossing sought to be enforced by this proceeding is a "farm crossing" within the meaning of the statute. If it is not, the statute invoked has no application, and the action cannot be maintained, for upon no other theory advanced can it be claimed that the appellee has shown a clear legal right for the writ which the Circuit Court awarded. A "farm crossing", as the term indicates, and as the statutes specifies, is "for the use of the proprietors of land adjoining" the railroad, and clearly it relates to lands devoted to agriculture. The purpose of such a crossing, and of the law in requiring it, is to afford a convenient private passage way between farms situated on opposite sides of the railroad, and while we are not prepared to hold, as contended by appellant, that a farm crossing may be required only by one who owns the land on both sides of the railroad (it not being necessary in this case to so hold), yet to authorize a writ of *mandamus* it should be made to appear that

the farming use of the lands renders necessary their connection by a crossing. In a recent case (Williams v. C. & N. W. Ry. Co., 132 Ill. App. 274), wherein the facts were similar and the questions raised, in some respects, were the same as in this case, the court defines a farm-crossing, and construes the statutes. In that case the plaintiff proceeded under sections 60-66 of the statute, to secure a farm-crossing to connect with an alley of the city of Rockford, and thereby effect a needed outlet to make his land accessible. In that case as in this there had formerly, for a long time, been a crossing at the point in controversy which the railroad company had removed. After due notice required by law, the plaintiff brought suit to recover double the value as provided in section 66. In discussing this case the Appellate Court says: "We have no doubt that the farm-crossings required by this statute were intended for the purpose of agricultural lands. * * * If the legislature had intended by the original act to provide for crossings for business purposes in cities and villages, it would not have adopted the term 'farm crossings' which by its natural meaning restricts the provision to farms, but would have used some such term as 'private crossings', and if the legislature in 1879 intended that thereafter private crossings for business purposes should be provided in parts of cities and villages as are not laid out and platted into lots and blocks, surely, while amending the section, it would have dropped the word 'farm' and would have substituted some language fitted to express the intended change." On appeal the judgment of the Appellate Court was affirmed by the Supreme Court. (228 Ill. 593.) Applying the definition of farm-crossing, and construing the statute as was done in the Williams case, to the facts in this case, we are of opinion that appellee is without remedy under the statute invoked by his petition. Obviously, the purpose of appellee was to secure a street or road-crossing to afford him more convenient access to the vil-

lage and his business, other than farming. And it may be that the situation of his farm is such as the law would authorize or provide a private road, but the statute upon which he relies does not require that appellant shall build such crossing. Even if the statute could be construed as contended by appellee, we are fully persuaded that under the circumstances and conditions appearing in evidence, the petition should have been dismissed for the showing did not warrant the judgment and order. If, under the statute, the appellant was required to build a crossing between appellee's farm and the village of Keensburg, the location of the same was not to be determined arbitrarily and conclusively by appellee. Not only the necessity for such crossing but the location is, in a large measure, left to the discretion of appellant. In no case can a railroad company be held to build a farm-crossing at a designated point, unless it clearly appears after considering the convenience of the company, the safety and convenience of the public, as well as that of the farmer, that it is necessary and practicable. The duty of the company under the statute is fully performed when it provides a farm crossing, if needed, at such place as will best serve the purpose, the interest of all parties being duly considered. Chalcraft v. L. E. & St. L. R. R. Co., 113 Ill. 86. It is not to be determined alone by the arbitrary or captious judgment of the corporation, on the one hand, nor that of the farmer or landowner on the other. In a proceeding to compel the company to provide a different crossing from that already constructed, it must be shown that a crossing is necessary within the meaning of the statute, that the one provided is not reasonably sufficient for the purpose, and that the crossing wanted is practicable, the interests of all parties being considered.

It is here sought to compel a crossing at a point different from that selected by appellant. It is not contended that more than one crossing is required, and

though alleged in the petition that the railroad company had for many years prior to the making of the improvement maintained a crossing at Second street, the undisputed evidence is that the old crossing was near the middle of the block south of Second street. So that the proposition is to be considered as above indicated. That being the question, we are of opinion that, aside from any legal obligation of appellant to construct and maintain a farm crossing for the convenience of appellee, the crossing at First street was and is sufficient to meet the requirements of the law. In conformity with the views above expressed it will not be necessary to consider further the argument and contention of counsel. Under the conditions and circumstances appearing of record, we do not think appellant was required by statute to provide a farm crossing for the convenience of appellee, and therefore the judgment of the Circuit Court must be reversed without remanding.

*Reversed.*